# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WALTER CLARK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON OLIVER, et al.,<br><br>　　　　Respondents. | Case No. 2:25-cv-01183-RFB-MDC<br><br>**ORDER** |

Petitioner Walter Clark, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus, and Motion for Counsel. ECF Nos. 1-1, 1-2. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] and consideration of Clark's Motion for Counsel, and Motion for Leave to File Amended Petition. ECF Nos. 1-1, 1-2, 3.

## I.　　BACKGROUND

Clark challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. <u>State of Nevada v. Clark</u>, Case No. C-12-280364-1.[2] The state court entered a judgment of conviction pursuant to a jury verdict for murder with use of a deadly weapon and attempt murder with use of a deadly weapon. The state court sentenced Clark to life without the possibility of parole.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Clark filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and the Nevada appellate court affirmed the denial of relief. In July 2025, Clark initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. The Court instructed Clark to either file a complete application to proceed *in forma pauperis* or to pay the $5 filing fee and he timely complied. ECF Nos. 4, 6, 7. Because it appears that Clark paid the filing fee twice, the Court instructs the Clerk of the Court to refund one payment of the $5 filing fee to Clark.

In addition, Clark files a motion for leave to amend with an amended petition attached. ECF No. 3. The Court grants Clark's motion for leave to amend.

## II.    DISCUSSION

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel for a financially eligible person who is seeking relief under section 2254 "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); see also Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Clark is serving a lengthy sentence. In addition, his petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Clark's motion for appointment of counsel is granted.

///
///
///
///

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Walter Clark's Motion for Counsel (ECF No. 1-2) is granted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Amend (ECF No. 3) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to refund the $5 filing fee to Clark.

**IT IS FURTHER ORDERED** that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21

days of entry of this order, but no further response will be required from Respondents until further order of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

**DATED:** October 23, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**