1
2
3
     **UNITED STATES DISTRICT COURT**
4
     **DISTRICT OF NEVADA**
5
       * * *
6
WALTER CLARK,       Case No. 2:25-cv-01183-RFB-MDC
7
    Petitioner,     **ORDER**
8
  v.
9
RON OLIVER, *et al.*,
10
    Respondents.
11
12
    This habeas matter is before the Court on Petitioner Walter Clark's Motion to Stay Case
13
(ECF No. 13). Respondents have filed a Non-Opposition to Clark's Motion. ECF No. 15.
14
    Clark challenges his state court conviction.  His direct appeal did not proceed until after he
15
litigated his first state postconviction habeas petition. He asserts that sixteen claims of ineffective
16
assistance of counsel have never been presented to state courts. Clark now seeks a stay and
17
abeyance so that he may exhaust his ineffective assistance of counsel claims.
18
    Federal courts may not grant a writ of habeas corpus brought by a person in custody
19
pursuant to a state court judgment unless "the applicant has exhausted the remedies available in
20
the courts of the State."  28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in
21
principles of comity" as it gives states "the first opportunity to address and correct alleged
22
violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). In
23
general, a federal district court must dismiss an unexhausted petition without prejudice.  Coleman,
24
501 U.S. at 731 (noting that the Supreme Court "has long held that a state prisoner's federal habeas
25
petition should be dismissed if the prisoner has not exhausted available state remedies as to any of
26
his federal claims"); Castille v. Peoples, 489 U.S. 346, 349 (1989) (habeas petitions should be
27
dismissed if state remedies have not been exhausted as to any federal claims).
28

A district court is authorized to stay an unexhausted petition "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. <u>Rhines v. Weber</u>, 544 U.S. 269, 273–75 (2005); <u>Mena v. Long</u>, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the <u>Rhines</u> test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing <u>Rhines</u>, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the <u>Rhines</u> "good cause" standard does not require "extraordinary circumstances." <u>Wooten</u>, 540 F.3d at 1024 (citing <u>Jackson v. Roe</u>, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in <u>Rhines</u> that the district court should only stay mixed petitions in 'limited circumstances'." <u>Wooten</u>, 540 F.3d at 1024 (citing <u>Jackson</u>, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." <u>Wooten</u>, 540 F.3d at 1024 (citing <u>Rhines</u>, 544 U.S. at 276–77).

The Court finds that Clark has established good cause exists for his failure to exhaust in state court. Clark also establishes that "at least one of his unexhausted claims is not 'plainly meritless.'" <u>Dixon</u>, 847 F.3d at 722. The Court further finds that Clark has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Clark's motion.

**IT IS THEREFORE ORDERED** that Petitioner Walter Clark's Motion to Stay Case (ECF No. 13) is **GRANTED**.

It is **FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claims in the amended petition.

It is **FURTHER ORDERED** that the grant of a stay is conditioned upon Petitioner filing,

if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court and returning to federal court with a motion to reopen within forty-five (**45**) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.

It is **FURTHER ORDERED** that the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this action until such time as the Court grants a motion to reopen the matter.

It is **FURTHER ORDERED** that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

**DATED:** December 16, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**